UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                              No. 01-4892

LARRY MORGAN,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CR-01-240-L)

Submitted: April 25, 2002

Decided: May 15, 2002

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Thomas M. Dibiagio, United States Attorney, Susan Q. Amiot, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Larry Morgan appeals his conviction after a conditional plea of guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). Morgan challenges the denial of his motion to suppress evidence obtained during his allegedly illegal investigatory stop on a street in Baltimore.

Morgan asserts that the district court should have suppressed the evidence because the police officers lacked reasonable suspicion to stop him. We disagree. Under *Terry v. Ohio*, 392 U.S. 1 (1968), "an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citing *Terry*, 392 U.S. at 30). A court reviewing a reasonable suspicion question should consider the totality of the circumstances and should not evaluate the factors in isolation from each other. *United States v. Arvizu*, 122 S. Ct. 744, 750-51 (2002).

In this case, officers spotted Morgan late at night, standing next to a Toyota 4-Runner in a high crime area known for drug trafficking and violence. *Wardlow*, 528 U.S. at 124 (fact that stop occurred in high crime area relevant consideration in *Terry* analysis). When someone shouted "5-0," a warning that police were in the area, Morgan acted suspiciously, standing up straight and stopping his conversation with the driver of the vehicle. As an officer approached him, Morgan kept his hands in front of him, out of view, and ignored the officer's requests to turn around and show him his hands. *United States v. Lender*, 985 F.2d 151, 154 (4th Cir. 1993) (evasive behavior relevant factor for determining reasonable suspicion). He then attempted to climb into the 4-Runner without using his hands and when the police officer ordered him not to get into the car, Morgan made a motion toward his waist that the officer described as indicative of someone trying to pull a weapon out his waistband. *Cf. Wardlow*, 528 U.S. at 125 (reasonable suspicion determination must be based on common sense judgment).

We find no error by the district court in finding that, based on these circumstances, the officer had sufficient articulable suspicion to stop

Morgan. *See United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992) (providing standard). Accordingly, we affirm Morgan's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*